FILED
SUPERIOR COURT
OF GUAM

2023 JUN 19 PM 3:43
CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSITA S. WRIGHT and CRYSTAL K.M. WRIGHT, <br><br> Plaintiffs, <br><br> vs. <br><br> RICKY F. SANTOS, <br><br> Defendant. | CIVIL CASE NO. CV0674-21 <br><br><br> DECISION AND ORDER RE: PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT |

This matter came before the Honorable Dana A. Gutierrez on Plaintiffs Rosita S. Wright ("Rosita") and Crystal K.M. Wright ("Crystal") (collectively the "Wrights") Motion for Summary Judgment. On March 14, 2023, the Court took this Motion under advisement without oral argument. Upon review of the record and applicable law, the Court hereby **GRANTS** the Plaintiff's Motion for Summary Judgment in part with regard to the quiet title claim and **DENIES** in part with regard to the slander of title claim.

## BACKGROUND

On September 16, 2021, the Wrights filed a Complaint for quiet title and slander of title with regard to a lien on the property, Lot 185, Tract 270, Unit 5, Santa Rita, Guam (the "Santa Rita Property").[1] On October 6, 2021, Defendant Ricky F. Santos ("Santos") filed an Answer to

---

[1] This address is an abbreviation of the property name, which is more fully described in the Complaint as:

the Complaint and Counterclaim ("Answer").[2] On March 15, 2022, based on the parties' request for mediation, the Court ordered mediation at Inafa' Maolek Conciliation. On April 4, 2022, a Mediator's Statement was filed by Inafa' Maolek stating that the parties were unable to reach an agreement at the April 1, 2022 mediation. Mediator's Statement, at 1 (April 4, 2023).

On April 13, 2022, Santos filed a Substitution of Counsel in *Pro Per*, removing Attorney Phillip Torres as counsel and stating that Santos will represent himself.[3] Sub. of Counsel in Pro Per, at 1 (April 13, 2023). On April 22, 2022, the Wrights filed a Motion for Summary Judgment and Memorandum in Support of Motion, a Declaration of Rosita and a Declaration of Crystal in support.

On May 24, 2022, a Status Hearing was held and Santos stated that he was trying to sell real property so he could hire a new attorney with the proceeds of the sale, and requested additional time. Min. Entry, at 9:26:58-9:28:32 AM (May 24, 2022). Based upon these representations, the Court granted Santos an additional thirty (30) days to find a new attorney. Min. Entry, at 9:26:58-9:30:22 AM (May 24, 2022). On July 12, 2022, a Status Hearing was held, and Santos stated that he was in contact with a realtor but still claimed that he could not hire an attorney until the sale was completed and requested additional time. Min. Entry, at 9:10:46-9:13:28 AM (May 24, 2022). The Court granted an extension of thirty (30) days for

---

Lot 185, Tract 270, Unit 5, Santa Rita, Guam, Estate Number 21976, Suburban, as said Lot is described in that Tract 270 Unit — 5 Lot No. 238-2A-1, as shown on Drawing Number 3229-7, as L.M. Check Number 333 FY 73, dated 12 December 72 and recorded on 29 December 72 under Instrument No. 119336 at Land Management. For informational purposes only, the above referenced map indicates the property contains an area of 7,701± square feet. Compl., at 1.

[2] Although the caption states that it also contains a "Counterclaim," no counterclaim is alleged in the filing. On December 7, 2021, at a Scheduling Conference, Attorney Terry Brooks stated that he spoke with Santos' counsel at the time Attorney Phillip Torres, who confirmed that the caption was an error and that Santos was not filing a counterclaim. Min. Entry, at 9:37:35-9:38:00 AM (Dec. 7, 2021).

[3] The term "pro per" is synonymous with the more commonly used term "pro se." *See* PRO PERSONA, Black's Law Dictionary (11th ed. 2019); *see also* PRO SE, Black's Law Dictionary (11th ed. 2019).

Santos to find an attorney.[4] Min. Entry, at 9:10:46-9:15:55 AM (July 12, 2022). On August 16, 2022, a Status Hearing was held, and Santos once again requested an extension to find an attorney because the prospective buyer was no longer returning his calls, and the Court granted Santos "one more" extension for thirty (30) days.[5] Min. Entry, at 9:11:37-9:32:43 AM (Aug. 16, 2022).

On October 4, 2022, a Status Hearing was held and Santos again requested an extension of time to find an attorney, but the Court denied this new request and ordered that any Opposition to the Motion be filed with the Court by November 1, 2022, and that any reply be filed by November 15, 2022. Min. Entry, at 9:32:37-9:40:16 AM (Oct. 4, 2022). On October 5, 2022, the Court issued an Order Setting Briefing Schedule, reflecting the due dates stated at the October 4, 2022 hearing. Order Setting Br. Schedule (Mot. for Summ. J.), at 1 (Oct. 5, 2022). Santos did not file an opposition to the Motion.

On March 14, 2023, the Court determined that oral argument was unnecessary and took the matter under advisement.[6] The notice with respect to the above was served upon Santos on the same day. On March 23, 2023, Santos submitted a filing titled Submission ("Submission").

The Court notes that Santos filed the Submission after the Motion for Summary Judgment was taken under advisement and without leave from the Court. Despite this late filing, upon review, the Submission does not address the arguments raised by the Wrights in their Motion for Summary Judgment. Instead, the Submission includes a handwritten note to the Court

---

[4] At the hearing, the Court also noted that there was a shortage in private practicing attorneys in Guam at the time. Min. Entry, at 9:10:46-9:15:55 AM (July 12, 2022).

[5] The Court also recommended other resources including Micronesian Legal Center, Elder Justice Center, and Territorial Law Library. *See* Min. Entry, at 9:29:54-9:30:51 AM (August 16, 2022).

[6] On December 19, 2022, the Court issued a notice setting the Motion for hearing on March 21, 2023. On March 14, 2023, the Court determined that oral arguments were unnecessary and issued a new notice taking the matter under advisement.

that did not address the pending Motion, two attached Deeds of Gift for an unrelated property in Dededo, Guam, and an advertisement for unrelated real property in the Guam Daily Post from Friday, May 6, 2022, which alleged that various family members owed him sums of money, including Rosita. Submission at 1-12. The Court notes that *pro se* litigants should be given leeway with their pleadings, but the Court is unable to construe this late filing as addressing the arguments raised in the Wrights' Motion for Summary Judgment. *See James v. Toves*, 2020 Guam 2 ¶ 13 (finding courts should "afford considerable leeway toward pro se litigants" but that such leeway "is not without limits"); Local Rule CVR 7.1 ("Papers not timely filed by a party including any memoranda or other papers required to be filed under this Rule shall not be considered without leave of court.").

## DISCUSSION

The issue before the Court is whether to grant Wrights' Motion for Summary Judgment concerning their action for quiet title and for slander of title. Mot. for Summ. J., at 4 (April 22, 2022).

### A.    Standard for Summary Judgment

The Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Guam R. Civ. P. ("GRCP") Rule 56(a). "A genuine issue of material fact exists when there is sufficient evidence to establish a factual dispute that must be resolved by a fact-finder." *Camacho v. Perez*, 2017 Guam 16 ¶ 12 (citing *Iizuka Corp. v. Kawasho Int'l (Guam), Inc.*, 1997 Guam 10 ¶ 7). "A material fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . . Disputes over irrelevant or unnecessary facts will not

preclude a grant of summary judgment." *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 26 (citing *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20) (quotations omitted).

When reviewing a motion for summary judgment, "[the] court must draw inferences and view the evidence in a light most favorable to the non-moving party." *Id.* "A movant bears the initial burden to show that undisputed facts in the record support a prima facie entitlement to the relief requested." *Hawaiian Rock Products Corp. v. Ocean Hous., Inc.*, 2016 Guam 4 ¶ 27. "If such a showing is made, however, the non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial." *Id.; see Bank of Guam v. Flores*, 2004 Guam 25 ¶ 7 (finding that the non-movant must "produce at least some significant probative evidence to support the pleadings").

**B.      The Wrights Seek Summary Judgment on Their Quiet Title Claim, Claiming That Crystal Was a Bona Fide Purchaser of the Santa Rita Property**

The Wrights move for summary judgment on their quiet title claim, arguing that Crystal was "a bona fide purchaser" of the Santa Rita Property from Rosita, and because "Santos' filing was recorded after Rosita sold the property to Crystal," Santos' lien is "an unjustified cloud of title on Crystal's title."[7] Mot. for Summ. J. at 6, 9-10.

**1.      Quiet Title Claim May Be Brought by Any Person Seeking to Remove Adverse Claims on Their Property**

A party may remove adverse claims on property through a quiet title action. Guam's Quiet Title statute states:

> An action may be brought by any person against another who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim . . . .

---

[7] In the Motion for Summary Judgment, the Wrights make several other arguments with regard to their quiet title claim including that a personal debt is not a valid basis for lien; the underlying debt of the lien was already paid; and the filing of the lien was barred by the statute of limitations. However, for the purposes of this Decision and Order, the Court found analysis of the bona fide purchaser argument to be sufficient to grant relief on the quiet title claim.

21 GCA § 25101. Based upon the statute, any person with an interest in real property may bring a quiet title claim against another who has an adverse claim in said property. *Id.*

Courts recognize that "it is well established that actions to quiet title, like true declaratory relief actions, are generally equitable in nature."[8] *Caira v. Offner*, 24 Cal. Rptr. 3d 233, 242 (Cal. App. 4th Dist. 2005) (citation omitted). "[T]he object of [a quiet title action] is to finally settle and determine, as between the parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." *Robin v. Crowell*, 55 Cal. App. 5th 727, 740 (Ct. App. 2020).

A party may resolve an adverse claim against property through a quiet title action when the party is a bona fide purchaser. *See Vasquez v. LBS Fin. Credit Union*, 265 Cal. Rptr. 3d 78, 86 (Cal. App. 2d Dist. 2020) ("A bona fide purchaser without notice may seek a legal determination through a quiet title action that the title it obtained remains free and clear of any adverse interest in the property.").

## 2. In Guam, a Bona Fide Purchaser Acquires Property Free and Clear of All Prior Unrecorded Claims

"Under the bona fide purchaser doctrine, a good faith real estate purchaser for value who is without actual or constructive notice of another's interest in the property purchased has the superior interest in the property." *Taitano v. Lujan*, 2005 Guam 26 ¶ 27 (citing 7 GCA 37102 (2005)). Guam is a race notice jurisdiction, and the race notice statute, 21 GCA § 37102, states:

> Every conveyance of real property, other than a lease for a term not exceeding one (1) year, is void as against any subsequent purchaser or mortgagee of the same property, or any part thereof, in good faith and for a valuable consideration, whose conveyance is first duly recorded, and as against any judgment affecting the title,

---

[8] While the Supreme Court of Guam has not provided the specific elements for a quiet title claim, 21 GCA § 25101 is sourced from the California Code of Civil Procedure ("CCP") Rule § 738, and therefore, California case law provides persuasive authority. *Cruz v. Cruz*, 2005 Guam 3 ¶ 9 (finding that California case law is "persuasive" authority for Guam statutes that are derived from California statutes).

unless such conveyance shall have been duly recorded prior to the record of notice of action.

21 GCA § 37102. Further, Guam's recording statute provides:

> Every grant of an estate in real property is conclusive against the grantor, also against every one subsequently claiming under him, except a purchaser or encumbrancer who in good faith and for valuable consideration acquires a title or lien by an instrument that is first duly recorded.

21 GCA § 4204.

The Supreme Court of Guam has found that "[o]ne of the functions of sections 37102 and 4204 is to permit a purchaser or encumbrancer without actual or constructive knowledge of another's rights, who pays valuable consideration for his interest in real property in good faith and who records his interest, **to receive an interest in the property free and clear of all prior unrecorded claims.**" *Taitano*, 2005 Guam 26 ¶ 53 (emphasis added).

### 3.    The Wrights Claim that Crystal Purchased the Santa Rita Property from Rosita on November 1, 2018 Without Knowledge of the Alleged Claim by Santos

In this case, the Wrights' claim that Crystal borrowed $184,000.00 from Community First Federal Credit Union and purchased the Santa Rita Property from her grandmother Rosita on November 1, 2018. Crystal Decl. in Supp. of Mot. for Summ. J., at 1. Crystal's Declaration includes as Exhibit 1, the August 23, 2021 Security Title Ownership & Encumbrance Report ("Title Report"), which states—"[m]ortgage dated 01 November 2018 and recorded on 06 November 2018 under Instrument 928440 at Land Management, executed by Crystal K.M. Wright, Mortgagor, to Community First Guam Federal Credit Union ("CFCU"), Mortgagee, which states that it secures a debt in the principal sum of $184,000.00." *Id.* at Ex. 1.

The Wrights claim that "Crystal had no knowledge of the prior alleged debt owed by Rosita to [Santos] and was not reported on the preliminary title report ('PTR') obtained in connection with the loan from CFCU." Mot. for Summ. J., at 3. With regard to this notice, it is

undisputed that Santos filed his lien with Land Management on March 10, 2021, which is reflected in the Title Report. Crystal Decl. in Supp. of Mot. for Summ. J., at Ex. 1, 2. This filing against the Santa Rita Property was over two (2) years after Crystal purchased the property from Rosita.

4.    **Santos Fails to Oppose the Wright's Allegations with Any Significant Probative Evidence**

While Santos failed to file opposition to the Motion for Summary Judgment, Santos alleged in his Answer to the Complaint that he was "without sufficient information and knowledge to form a belief as to the truth or falsity of the allegations, or the the [*sic*] allegations are too vague to comprehend" with regard to the allegations that Crystal purchased the property form Rosita. *See* Answer, at 1. In the Answer, Santos also raised other defenses, including fifteen (15) affirmative defenses against the Wrights' Complaint, including the doctrine of laches, doctrine of waiver, doctrine of estoppel, doctrine of unclean hands, and others. *Id.* at 2-3. Despite raising these defenses, Santos did not provide any support for these alleged affirmative defenses beyond raising them in short conclusory statements in the Answer. *Id.* at 1-4.

To oppose a motion for summary judgment, a party cannot rely on conclusory statements or unsupported affirmative actions to raise genuine issues of material facts. *See Hawaiian Rock Products Corp.,* 2016 Guam 4 ¶ 39 (finding that there was no genuine issue of material fact when the parties "never provided any evidence in support of many of their affirmative defenses"); *Bank of Guam,* 2005 Guam 25 ¶ 7 (finding that for summary judgment the "non-movant cannot merely rely on allegations contained in the [pleadings] . . . but must produce at least some significant probative evidence tending to support the [pleadings]"); *see also Major League Baseball Properties, Inc. v. Salvino, Inc.,* 542 F.3d 290 (2d Cir. 2008) ("[T]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation." (citation omitted)).

Therefore, Santos has failed to raise any significant probative evidence opposing Wrights' claims that Crystal was a bona fide purchaser of the Santa Rita Property. *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Cyfred, Ltd.*, 2015 Guam 7 ¶ 39 ("A genuine issue precluding summary judgment exists if there is sufficient evidence which establishes a factual dispute requiring resolution by a fact-finder." (citation omitted) (internal quotations omitted)).

5. **The Wrights Have Met Their Burden Establishing No Genuine Issue of Material Fact That Crystal Was a Bona Fide Purchaser**

"Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Lujan v. Quinata*, 2014 Guam 20 ¶ 12 (citing *Cepeda v. Gov't of Guam*, 2005 Guam 11 ¶ 9).

In this case, the Wrights provide undisputed facts that Crystal in good faith purchased the Santa Rita Property from Rosita on November 1, 2018 with a CFCU $184,000.00 mortgage. Further, it is undisputed that at the time of the purchase, Crystal did not have actual or constructive notice of any claim by Santos against the Santa Rita Property, and Santos did not file his claim against the property until March 10, 2021. Therefore, based upon a review of the record even with viewing the evidence in the light most favorable to Santos, the Wrights have established that there is no genuine dispute that Crystal was a bona fide purchaser. Thus, the Wrights are entitled to summary judgment on their quiet title claim for the Santa Rita Property.

C. **A Slander of Title Claim Requires that a Publication be Made Without Privilege or Justification And Be False**

The Wrights claim that "[t]he facts of this case clearly supports a finding of slander of title." Mot. for Summ. J., at 10. In Guam, the statute for Slander of Title is 21 GCA § 39110, which states:

> No person shall use the privilege of filing notices of claims hereunder for the purposes of slandering the title to land and in any action brought for the purpose of quieting title to land, or to register land under the Land Title Registration Law, if the court shall find that any person has filed a notice of claim for the purpose only of slandering title to such land, he shall award the plaintiff or petitioner all the costs of such action, including attorney's fees to be fixed and allowed to the plaintiff or petitioner by the court, and all damages the plaintiff or petitioner may have sustained as the result of such notice of claim having been filed for record.

21 GCA § 39110.[9]

The elements of slander of title are: (1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss. *Howard v. Schaniel*, 113 Cal. App. 3d. 256, 263 (Ct. App. 1980); *see also Gudger v. Manton*, 134 P.2d 217, 220 (Cal. 1943), *overruled on other grounds by Albertson v. Raboff*, 295 P.2d 405 (Cal. 1956) (adopting the Restatement of Torts definition of slander of title which states "[o]ne who, without a privilege to do so, publishes matter which is untrue and disparaging to another's property in land, chattels or intangible things under such circumstances as would lead a reasonable man to foresee that the conduct of a third person as purchaser or lessee thereof might be determined thereby is liable for pecuniary loss resulting to the other from the impairment of vendibility thus caused").

### 1. There Was Publication of Santos' Claim

Here, with regard to the first element, the Wrights argue that "Santos' claim was published by its being filed in the Department of Land Management for all to see." Mot. for Summ. J., at 10. Upon review, it is undisputed by the parties that Santos' lien was filed on March 10, 2021 with Land Management. Therefore, the Court finds that the first element of publication is met. *See, e.g., Ghuman v. Wells Fargo Bank, N.A.*, 989 F. Supp. 2d 994 (E.D. Cal. 2013)

---

[9] The source for this statute is California Civil Code § 1214, and therefore, California case law provides persuasive authority. *Cruz v. Cruz*, 2005 Guam 3 ¶ 9.

(finding that slander of title publication element was met by recording legal documents in the Official Records of the Recorder).

2. **The Wrights Did Not Meet Their Burden to Prove That Santos' Publication Was "Without Privilege or Justification" and That It Was "False"**

Next, with regard to the second and third element, the Wrights argue that "the Santos' filing was without merit and totally unjustified," and "false." Mot. for Summ. J., at 10. The Wrights argue overlapping reasons with regard to these two elements, including that the $130,000.00 loan was repaid in 1995 so it was not enforceable as a lien in 2021 and that Crystal was a bona fide purchaser of the Santa Rita Property which bars Santos' subsequent claim. *Id.*

With regard to the slander of title claim, a publication without privilege or justification is one that is made with "malice, express or implied," and for it to be false, the person must make it "either knowingly so or made without regard to its truthfulness." *See Howard*, 113 Cal. App. 3d. at 264; *Cyr v. McGovran*, 142 Cal. Rptr. 3d 34, 39 (Cal. App. 2d Dist. 2012) (finding for slander of title "the false statement must be maliciously made with the intent to defame" (quotation omitted)); *Sumner Hill Homeowners' Assn., Inc. v. Rio Mesa Holdings, LLC*, 141 Cal. Rptr. 3d 109, 139 (Cal. App. 5th Dist. 2012) (finding that slander of title by means of a recorded instrument is when a person publishes "in the chain-of-title a false and disparaging view of the nature of the plaintiff's right or interest in the land").

Although the Wrights claim that Santos' lien was unjustified and "was false in that it was not a valid lien, the claim was paid or is barred by the statute of limitations, or barred by Guam's race notice statute," the Wrights do not argue in their Motion for Summary Judgment that Santos filed the lien with either express or implied malice or prove that Santos knew it was false. Mot. for Summ. J., at 10. With regard to the Wrights' argument that the loan was already paid, the Wrights claim that the $130,000.00 debt was paid in 1995 by Rosita's son, Michael

Wright, but the Wrights fail to present sufficient evidence that proves this debt was repaid. The only evidence supporting Rosita's claim that it was paid is an attached copy of the promissory note—there is no other information such as a receipt of payment, or other acknowledgement by Santos that the debt was repaid, and the only other alleged witnesses to the repayment are deceased. Rosita Decl. in Support of Mot. for Summ. J., at 1-2, Ex. 1.

Further, as stated above, while the Court recognizes that Crystal was a bona fide purchaser, the Wrights fail to present any evidence that supports the claim that Santos either knew that the lien was false when he published it or that he made it without regard to its truthfulness with the intent to defame which is required for a slander of title claim. *See Cyr,* 142 Cal. Rptr. 3d at 39.

Therefore, upon review and when considering the evidence in the light most favorable to Santos, the Wrights fail to present sufficient evidence that there was express or implied malice or that Santos knew the lien was false. *See, e.g., Contra Costa County Title Co. v. Waloff,* 7 Cal. Rptr. 358, 362-63 (Cal. App. 1st Dist. 1960) (finding implied malice for the buyer's publication of "Notice of Pending Escrow" where the buyer failed to meet the contractual thirty (30) day timeline for escrow and had previously threatened the seller with lawsuits, lengthy litigation, and sent letters with an "intemperate statement, unfounded accusations and abusive language").

Because the movant has not met their burden to prove entitlement to relief, the Court denies summary judgment on the slander of title claim.

## CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS** the Plaintiff's Motion for Summary Judgment in part with regard to the quiet title claim, and **DENIES** in part with regard to the slander of title claim. The Court hereby **ORDERS** that the Department of Land

12

Management, Government of Guam remove the claim on the Santa Rita Property titled Personal Debt, made by Santos, in the amount of $130,000.00, dated March 9, 2021, and recorded on March 10, 2021 under Instrument No. 956611.

**SO ORDERED,** _____ JUN 1 9 2023 _____ .

_____
**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
_Recio/s_
_____

Date: _____ Time: 6/19/23

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam

13